Francis E. Sweeney, Sr., J.,
dissenting. Respectfully, I dissent. In my opinion, a telephone caller’s unverified report of erratic driving does not, standing alone, provide reasonable suspicion to warrant an investigative traffic stop. It is imperative that law enforcement officers possess a reasonable and articulable suspicion to warrant an investigative stop of a vehicle. While deterrence of drunk driving remains of utmost importance, this policy needs to be carefully balanced against an individual’s constitutional right to be free from unreasonable searches and seizures. An individual’s Fourth Amendment right should not be forfeited simply to promote this public policy.
The cornerstone of the Fourth Amendment is the right of the people to be free from unreasonable searches and seizures. Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. In the context of an investigatory stop of an automobile, the stopping of the car and detaining its occupants constitute a seizure. Delaware v. Prouse (1979), 440 U.S. 648, 653, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660, 667. However, the Fourth Amendment is not violated if the officer has reasonable suspicion, based on articulable facts, that the person stopped has engaged, is engaged, or is about to engage in criminal activity. Terry v. Ohio, 392 U.S. at 21, 88 S.Ct. at 1880, 20 L.Ed.2d at 906; Delaware v. Prouse, 440 U.S. at 653-655, 99 S.Ct. at 1396-1397, 59 L.Ed.2d at 667-668.
In forming reasonable suspicion, a police officer may rely on outside information provided directly to him, such as tips from informants, or on information relayed to him via a flyer or radio dispatch. Adams v. Williams (1972), 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612; United States v. Hensley (1985), 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604. However, where an informant’s tip is relied upon, the informant’s veracity and reliability and his basis for knowledge must be assessed under the totality of the circumstances to determine whether the tip establishes reasonable suspicion. Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. *304 2317, 76 L.Ed.2d 527. Where the tip is from an anonymous caller, the tip, standing alone, will rarely provide the reasonable suspicion necessary for an investigative stop. Alabama v. White (1990), 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301. However, if corroborated by independent police work, that tip may be a sufficient basis for the stop. Id. In contrast, where a tip is received from a known informant and the details of the tip are easily verifiable, that tip has greater indicia of reliability. Adams, supra. Regardless of whether the informant is known or anonymous, each case must be evaluated under the totality of the circumstances.
In this case, the arresting officer relied solely on information relayed to him from the radio dispatch, which, in turn, was based on information from an unverified cellular telephone caller. The majority justifies the stop by holding that the tip was reliable because it was made by a citizen-informant who identified himself sufficiently to police, personally observed erratic driving, and then relayed the information to police as it was happening. The majority further concludes that the tip was reliable because it can be inferred that the informant had a strong motivation to report the erratic driving, i.e., to promote the safety of the roadway. From these facts, the majority concludes that the informant’s tip was highly credible and can withstand scrutiny under the Fourth Amendment.
The fact that the informant provided the dispatching officer with his name and phone number and a brief description of the vehicle and its location does not, in and of itself, make him a reliable source of information. See State v. Ramsey (Sept. 20, 1990), Franklin App. Nos. 89AP-1298 and 89AP-1299, unreported, 1990 WL 135867. In fact, since the caller’s identity was never verified, the informant is more akin to an anonymous caller. As aptly noted by the Washington Supreme Court, “[t]he reliability of an anonymous telephone informant is not significantly different from the reliability of a named but unknown telephone informant. Such an informant could easily fabricate an alias, and thereby remain, like an anonymous informant, unidentifiable.” State v. Sieler (1980), 95 Wash.2d 43, 48, 621 P.2d 1272, 1275. It is therefore illogical to presume that an unverified citizen’s report of erratic driving is inherently reliable. Cf. United States v. Pasquarille (C.A.6, 1994), 20 F.3d 682, 689. Nor should the supposed motivation behind an informant’s tip be used to test the reliability of the tip, particularly where the informant was never contacted by the arresting officer or called to the witness stand to explain his reasons for providing police with this information.
Had the veracity and reliability of the informant’s tip been corroborated, or had the officer followed appellee for a longer time and himself witnessed erratic driving, then there would indeed have been sufficient indicia of reliability to make the stop. However, that was not done. Instead, the officer who made the stop *305 relied solely on the dispatch report and then followed appellee’s car for approximately thirty to forty seconds. In that short time, the officer admits, he did not observe any weaving or any other erratic driving to lead him to believe that appellee was committing a crime. Nevertheless, he stopped appellee’s vehicle.
Under the totality of the circumstances, I believe that the arresting officer lacked reasonable and articulable suspicion to stop appellee’s vehicle, and consequently violated appellee’s constitutional rights. Since I believe that the police lacked justification to stop appellee’s vehicle, in my opinion appellee’s Fourth Amendment rights were violated. Accordingly, I would affirm the judgment of the court of appeals.
Moyer, C.J., and Bowman, J., concur in the foregoing dissenting opinion.